# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-17-0838-HE |
| | ) | |
| JOE ALLBAUGH, Director of the | ) | |
| Oklahoma Department of Corrections | ) | |
| | ) | |
| Respondent | ) | |

## ORDER

Upon receipt of petitioner's habeas petition, the court referred it to U.S. Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b). The magistrate judge conducted the preliminary review contemplated by Rule 4 of the Rules Governing Section 2254 Cases, concluded that the petition was not timely filed, and recommended its dismissal on that basis. The court declined to accept that recommendation, concluding that a combination of factors warranted both statutory and equitable tolling sufficient to make petitioner's petition timely filed, and re-referred the matter to Judge Mitchell for further proceedings.

Respondent then filed a motion to dismiss the petition on timeliness grounds, correctly noting that he had not had the opportunity to present his position on the timeliness issue since the earlier determination was based on preliminary screening rather than full briefing by the parties. Judge Mitchell has since filed a supplemental report recommending that the respondent's motion be granted.

Upon fuller consideration of the issues now fully briefed, the court concludes the supplemental report should be adopted and the petition dismissed. Loftis v. Chrisman, 812 F.3d 1268 (10th Cir. 2016), is persuasive here, particularly its suggestion that extraordinary circumstances warranting equitable tolling may be found where a state court has led a petitioner to believe that he had done all that was required under the circumstances. The various state court filings referenced in the motion to dismiss suggest no basis for such a finding. Rather, the pertinent state court orders made clear that petitioner's filing was not sufficient. They did nothing to suggest that plaintiff had done all that was necessary for state collateral review or that petitioner's submissions were otherwise "properly filed" as discussed in Loftis. 812 F.3d at 1272.

With the benefit of the parties' additional briefing and the related exhibits, the court concludes the Supplemental Report and Recommendation [Doc. #25] should be **ADOPTED** and the petition **DISMISSED** as non-timely, for substantially the reasons stated in the supplemental report and its application of the Loftis standard.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE